IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SANDRA BELTRAN, ROCIO
MENDOZA, MARIA ELENA PACHECO
AND PATRICIA RAMIREZ,

        Plaintiff,

v.

        No. Civ. 03-1241 DJS/LFG

DION'S PIZZA,

        Defendant.

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant Peter DeFries Corporation d/b/a Dion's Pizza ("Dion's"), by and through its attorneys, MOODY & WARNER, P.C., hereby submits its answer to Plaintiffs' Complaint. For its answer to the Complaint, Defendant states:

### FIRST DEFENSE

1.    Defendant admits the allegations in paragraph 1.

2.    Defendant admits the allegations in paragraph 2.

3.    Defendant admits the allegations in paragraph 3.

4.    With regard to the allegations in paragraph 4 Defendant admits that Plaintiffs Beltran, Pacheco and Ramirez received a right to sue letter from the EEOC on or about July 1, 2003, and that states that Plaintiff Mendoza received a right to sue letter from the EEOC on or about July 5, 2003, and that each of the letters stated, "The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes."

5.    Defendant denies the allegations in paragraph 5.

6.  With regard to the allegations in paragraph 6 Defendant admits that all four Plaintiffs worked for Defendant and that they worked in the same department. All other allegations in paragraph 6 are denied.

7.  Defendant denies the allegations in paragraph 7.

8.  Defendant denies the allegations in paragraph 8.

9.  Defendant denies the allegations in paragraph 9.

10. Defendant states that on or about June 11, 2003 Defendant's Human Resources Manager came to the place of employment to speak to all employees, including the four Plaintiffs. The Human Resources Manager was not able to speak with all employees because of time constraints. Defendant obtained sufficient information on the matter at issue from the employees the Human Resources Manager spoke with. Plaintiffs' national origin had no bearing on the matter and Defendant did not intentionally or purposefully exclude them. Defendant denies all allegations in paragraph 10 not specifically admitted.

11. Defendant denies the allegations in paragraph 11.

12. Defendant denies the allegations in paragraph 12.

13. Defendant denies the allegations in paragraph 13.

14. Defendant denies the allegations in paragraph 14.

15. Defendant denies the allegations in paragraph 15.

16. Defendant denies the allegations in paragraph 16.

17. Defendant admits that Plaintiff Ramirez's employment was terminated on or about June 24, 2003. Defendant admits that an appointment was scheduled with the Human Resources Manager for June 26, 2003 and states that Plaintiff Ramirez did not show up for the appointment. Defendant denies the remaining

allegations in paragraph 17.

18.  Defendant denies the allegations in paragraph 18 and states that Plaintiff Ramirez was given the following reasons for her termination: she violated company policy by disrupting the workplace and intimidating and threatening another employee with physical violence in retaliation for that employee's internal complaint. Defendant encourages employees to come forward with complaints to its corporate office and prohibits all forms of retaliation.

19.  Defendant denies the allegations in paragraph 19.

20.  Defendant denies the allegations in paragraph 20 and states that the termination was based on Plaintiff Ramirez's inappropriate workplace conduct, her disruption of the workplace and her intimidation and physical threats made to another employee. She had not made any complaints regarding any treatment toward her or others in the workplace at the time of her termination.

21.  Defendant denies the allegations in paragraph 21.

22.  Defendant denies the allegations in paragraph 22.

23.  With regard to paragraph 22 Defendant incorporates its previous responses to paragraphs 1 to 22.

24.  Defendant denies the allegations in paragraph 24.

25.  Defendant denies the allegations in paragraph 25, and states that the allegation fails to state a colorable claim.

### ADDITIONAL DEFENSES

26.  Count One fails to state a claim upon which relief may be granted because the conduct alleged, which is specifically denied, does not amount to severe or pervasive conduct necessary to establish unlawful sexual harassment.

27.  Count Two fails to state a claim upon which relief may be granted because the conduct alleged, which is specifically denied, does not amount to severe or pervasive conduct necessary to establish unlawful racial or national origin harassment.

28.  Count Five fails to state a claim because Plaintiffs failed to bring their Human Rights Act claims within 30 days of the notice of right to sue from the Human Rights Division.

29.  Count Five fails to state a claim for punitive damages because punitive damages are not recoverable under the Human Rights Act.

30.  Plaintiffs Beltran, Mendoza and Pacheco have not suffered any adverse employment actions.

31.  Defendant had legitimate, non-discriminatory and non-retaliatory reasons for all employment actions it took with respect to Plaintiffs, including Plaintiff Ramirez.

32.  Defendant had reasonable measures in place to prevent and correct harassment and discrimination in the workplace, which conduct is specifically denied, and Plaintiffs were unreasonable in failing to utilize the preventive and corrective measures available to them.

33.  Defendant took reasonable steps to prevent and correct all inappropriate conduct in the workplace of which it was aware or of which it should have known.

34.  The actions of Defendant toward Plaintiffs were taken in good faith and were reasonable.

35.  Defendant made good faith efforts to comply with the law and punitive

4

damages are not awardable.

36.  Plaintiffs have failed to mitigate their damages, the existence of which is denied by Defendant.

WHEREFORE, Defendant requests judgment in its favor and its costs and attorneys fees.

          Respectfully submitted,

          MOODY & WARNER, P.C.

          By: _____
          Whitney Warner
          4169 Montgomery Blvd NE
          Albuquerque, New Mexico 87109
          (505) 944-0033
          **ATTORNEYS FOR DEFENDANT**

We hereby certify that we have served via mail a true and correct copy of the foregoing pleading upon the following opposing counsel of record this ___ day of November, 2003:

Luis Quintana
110 Second St. SW, Suite 412
Albuquerque, NM 87102

MOODY & WARNER, P.C.
By: _____